FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLIN GEORGE, | No. 2:25-CV-00047-RLP |
| Plaintiff, | ORDER DENYING MOTION TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Before the Court is Defendant United States of America's Motion to Dismiss under FRCP 12(b)(1) for lack of subject matter jurisdiction. Oral Argument was held on this matter on December 30, 2025. The United States was represented by Assistant United States Attorneys Derek Taylor and Timothy Durkin. Braden Pence appeared on behalf of Plaintiff Colin George.

For the reasons discussed below, the Court finds the issue of the United States' sovereign immunity under Washington's Recreational Use Immunity Statute (RUIS), RCW 4.24.210, is intertwined with the merits of Mr. George's negligence claim. In order to ensure the record is complete and accurate for the

ORDER DENYING MOTION TO DISMISS * 1

1  Court's review, the Court will provide the parties additional time to conduct
2  discovery into the latent condition exception to the RUIS. Therefore, the United
3  States' motion is denied with leave to renew.

4                              BACKGROUND

5      On the evening of August 29, 2021, Mr. George entered Lake Chelan from a
6  dock at Weaver Point Campground (WPC) in the Lake Chelan National Recreation
7  Area (LCNRA). ECF No. 1 at 1. Upon entering the lake, Mr. George was impaled
8  on a piece of wood, causing significant internal injuries. *Id*. at 12.

9      WPC is located on Lake Chelan near the mouth of the Stehekin River. ECF
10  No. 18-1, ¶19; *see also* ECF No. 19-2 at 244, 261. The Stehekin River carries a
11  large volume of trees, logs, branches, and other tree material into Lake Chelan.
12  ECF No. 18-1, ¶16; *see also* ECF No. 19-2 at 692 (2007 study estimating there are
13  110,348 cubic yards of wood in the Stehekin River at its mouth). The larger pieces
14  are referred to as "Large Wood Debris" (LWD). ECF No. 18-1, ¶17. The process
15  of LWD falling into the river and being carried downstream into the lake is natural.
16  *Id*., ¶16.

17      The NPS installs the dock at WPC annually, removing LWD as necessary to
18  install, remove, and maintain access to the dock. ECF No. 18-3, ¶¶5-6.

19      In 2013-14, the NPS constructed and installed bank erosion mitigation
20  landscaping approximately 70-80 feet from the WPC dock. ECF Nos. 18-3, ¶¶7-9;

ORDER DENYING MOTION TO DISMISS * 2

19-2 at 6-16. The erosion project consists of LWD from the lake (specifically logs) deposited onto the shoreline. ECF Nos. 18-1, ¶53; 18-3, ¶¶9-11.

Mr. George filed this suit on February 11, 2025, asserting a claim of negligence stemming from the NPS's breach of duty to exercise reasonable care to protect invitees. ECF No. 1 at 19-22. Mr. George alleges the piece of wood he was impaled on broke free from the erosion control project and drifted to the dock, and that the dock, which allowed him to reach the deeper waters concealing the piece of wood, lacked necessary warning signs. *Id*.

## MOTION TO STRIKE

Mr. George moves to strike the overlength portions of the United States' motion and the entirety of its Statement of Jurisdictional Facts, ECF No. 18.

Whether to strike all or part of an overlength pleading is at the discretion of the Court. *See Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996). While the United States' 21-page motion exceeds the 20-page limit set by LCivR 7(f)(1), the Court declines to strike the overlength portion as the extra page does not seriously burden the Court's review. However, the Court instructs the United States to ensure all future filings comply with the local rules.

As for the United States' Statement of Jurisdictional Facts, Mr. George moves to strike the filing as it is not authorized by court rules. While Mr. George is correct that no rule explicitly authorizes the filing of the Statement, no rule

ORDER DENYING MOTION TO DISMISS * 3

prohibits it either. Still, the Court is sympathetic to Mr. George's request. The United States' Statement of Jurisdictional Facts is excessively long, taking frequent lengthy detours into matters irrelevant to its Motion to Dismiss. The inappropriate inclusion of irrelevant facts into an already long filing burdened judicial review and hampered Mr. George's ability to respond to the motion. Nevertheless, the Court will decline to strike the Statement of Jurisdictional Facts as an overly harsh remedy. If the United States chooses to renew its Motion to Dismiss at a later date, it is instructed to limit any similar Statement to only those facts necessary for the Court to rule on the motion.

## LEGAL STANDARD

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349 (1980). "Sovereign immunity is a jurisdictional bar: absent an unequivocal statutory waiver of sovereign immunity, courts lack jurisdiction to entertain a suit against the United States or its agencies." *Villegas v. United States*, 926 F. Supp. 2d 1185, 1195 (E.D. Wash. 2013). "For that reason, a motion to dismiss based on sovereign immunity is essentially a motion to dismiss for lack of subject matter jurisdiction." *Id*. Plaintiff carries the burden to demonstrate that his action "falls within an unequivocally expressed waiver of

ORDER DENYING MOTION TO DISMISS * 4

sovereign immunity by Congress." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

A FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is a proper vehicle for invoking sovereign immunity from suit. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

> A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.
>
> In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court need not presume the truthfulness of the plaintiff's allegations. Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

*Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal citations and quotation marks omitted).

To assert a claim under the Federal Tort Claim Act, a plaintiff must plausibly allege that the United States waived its sovereign immunity under the FTCA. *Brownback v. King*, 592 U.S. 209, 217-18, 141 S. Ct. 740 (2021). A valid FTCA claim must be:

[1] against the United States, [2] for money damages, . . . [3] for

ORDER DENYING MOTION TO DISMISS * 5

> injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id*. at 212 (internal quotation marks omitted).

Washington's RUIS provides:

> any public or private landowners . . . who allow members of the public to use them for the purposes of outdoor recreation . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users.

RCW 4.24.210(1). The RUIS carves out an exception to this immunity to "a landowner . . . for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted." RCW 4.24.210(4)(a).

Recreational immunity is an affirmative defense to a claim of liability, meaning "the landowner bears the burden of proving entitlement to that immunity." *Schwartz v. King County*, 200 Wn.2d 231, 238, 516 P.3d 360 (2022). A plaintiff bears the burden of proving the latent condition exception to the RUIS applies. *See Schwartz*, 200 Wn.2d at 239.

DISCUSSION

The United States contends it has not waived sovereign immunity under the FTCA, as Washington's RUIS would immunize it from suit if it were a private

ORDER DENYING MOTION TO DISMISS * 6

person. Mr. George contends the latent condition exception applies, and thus the United States waived its sovereign immunity.

Before reaching the issue of the RUIS and the latent condition exception, the Court must first determine whether this issue and the merits of Mr. George's negligence claim are intertwined.

"[I]f the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself" unless "the issue of subject-matter jurisdiction is intertwined with an element of the merits of the plaintiff's claim" *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22, 1122 n.3 (9th Cir. 2014). The issue of jurisdiction is intertwined with an element of the merits of the plaintiff's claim where a determination of jurisdictional facts requires at least a partial resolution of a dispute of fact bearing on the merits of the underlying claim. *See Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014).

If a court finds the issue of subject matter jurisdiction to be intertwined with the merits of plaintiff's claim, then the court "should employ the standard applicable to a motion for summary judgment . . . [and] the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). "Unless that standard is met, the jurisdictional facts must be determined at trial by the trier of fact." *Id*.

ORDER DENYING MOTION TO DISMISS * 7

1       Intertwinement clearly exists here. The latent condition exception to requires

2 Mr. George to show that the injury-causing condition was known, dangerous,

3 artificial, and latent. *Schwartz*, 200 Wn.2d at 239. Mr. George asserts a claim of

4 negligence, requiring him to prove the NPS breached its duty to exercise

5 reasonable care to protect invitees like himself. *Little v. Rosauers Supermarkets,*

6 *Inc.*, 24 Wn. App. 2d 898, 902, 521 P.3d 298 (2022).

7       Whether or not the NPS knew of the injury-causing condition, whether it

8 was artificial, i.e., created by the NPS, or natural, or whether it was dangerous all

9 have a direct bearing on the scope of the duty the NPS owed to Mr. George, and

10 whether it breached a duty it owed to him. Determining jurisdictional facts related

11 to the latent condition exception will resolve, at least in part, factual disputes going

12 to the merits of his negligence claim. *See Okert v. United States*, 2024 WL

13 3995304 at *4-5 (E.D. Wash. 2024). The two issues are intertwined.

14       In its motion and at oral argument, the United States contended complete

15 identity between jurisdictional facts and the elements of the underlying claim is

16 necessary to find intertwinement. The United States' argument appears to be based

17 on an alternative standard for determining intertwinement – whether "a [single]

18 statute provides the basis for both the subject matter jurisdiction of the federal

19 court and the plaintiff's substantive claim for relief." *Sun Valley Gasoline, Inc. v.*

20 *Ernst Enters., Inc.*, 711 F.2d 138, 139 (9th Cir. 1983) (internal quotation marks

ORDER DENYING MOTION TO DISMISS * 8

omitted). This standard is inapplicable here as the basis for subject matter jurisdiction, the FTCA, does not provide the basis for Mr. George's substantive negligence claim. *See Anderson v. United States*, 606 F. Supp. 3d 1040, 1051 (E.D. Wash. 2022). As stated above, any determination of jurisdictional fact which requires resolution of a dispute of fact going to the merits, even in part, results in intertwinement.

Nevertheless, the United States contends this standard only applies to removal proceedings, not a motion to dismiss. The United States cites *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1143 (9th Cir. 2024) in support of this contention. The United States misinterprets *Bowen*. In *Bowen*, the Ninth Circuit cited to a removal proceeding case, *DeFiore v. SOC LLC*, 85 F.4th 546, 553 (9th Cir. 2023), as an *example* of the relevant standard for intertwinement – that "jurisdictional issue[s] and substantive issues are deemed intertwined [when] the question of jurisdiction is dependent on the resolution of factual issues going to the merits". *Bowen*, 118 F.4th at 1143 (internal quotation marks omitted, alterations in original). The Ninth Circuit did not hold this standard only applies to removal proceedings. Likewise, the *DeFiore* court did not hold that standard *only* applied in the context of removal proceedings. 85 F.4th at 552-53.

The United States also contends the shared factual disputes standard does not apply because Mr. George has no right to a jury trial under the FTCA.

ORDER DENYING MOTION TO DISMISS * 9

Nevertheless, the Ninth Circuit applied the shared factual disputes standard to find intertwinement on a Government Rule 12(b)(1) motion to dismiss a FTCA claim in *Young*. 769 F.3d at 1052-53. While the United States attempts to distinguish *Young* on the basis that the Government moved to dismiss based on the Discretionary Function Exception, it is unclear why this difference matters or would require a different intertwinement analysis. Accordingly, the Court declines to apply a different standard here.

The United States also attempts to distinguish *Young* by reading it to require complete identity of jurisdictional facts and elements of the underlying claim. This ignores *Young*'s plain language that "the question [of] whether the Park Service knew or should have known of the hazard created by the transformer is a disputed issue of jurisdictional fact that is 'so intertwined' with the substantive dispute that resolution of the former depends, *at least in part*, on resolution of the latter." 769 F.3d at 1052 (emphasis added). Clearly, complete identity between the jurisdictional facts and the elements of the underlying claim are not a requirement.

As the issues of jurisdiction and the merits of Mr. George's claim are intertwined, the Court must apply a summary judgment standard to the United States motion. Dismissal can only be granted if there is no genuine dispute of fact that an essential element of the latent condition exception is not satisfied.

Mr. George asks the Court to continue ruling on this motion to permit him to conduct additional discovery into jurisdictional issues. ECF No. 20 at 21. On a Rule 12(b)(1) motion to dismiss, district courts have discretion to continue ruling on the motion to permit jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Id*. (internal quotation marks omitted).

The Court finds that a more complete record is necessary before it can determine whether there are any genuine disputes of fact as to the latent condition exception. Therefore, the Court grants Mr. George's request for additional, limited, jurisdictional discovery. The United States' motion to dismiss is denied with leave to renew.

**IT IS ORDERED:**

1. The United States' Motion for Rule 12(b)(1) Dismissal for Absence of Subject Matter Jurisdiction is **DENIED with leave to renew**.

2. Plaintiff Colin George's request for jurisdictional discovery is **GRANTED**. The parties shall conduct narrowly tailored discovery on the latent condition exception – i.e., on whether the wood debris Mr. George landed on was a

(1) known (2) dangerous (3) artificial (4) latent condition. No discovery outside the four elements of the latent condition exception shall be permitted at this time.

3. All jurisdictional discovery shall be completed no later than **April 6, 2026**. To be timely, discovery requests must be served sufficiently in advance of the deadline to allow for timely response by the cutoff date. The parties shall file no discovery except as necessary to support motions or objections.

4. To avoid wasted time and expense, Counsel may contact chambers to schedule a telephonic conference to obtain an expedited ruling on discovery disputes. Prior to the conference, each party may submit to the Court a one-page summary explaining the discovery dispute. The Court will endeavor to schedule a conference to occur within 2-3 days of the initial request. Absent very unusual circumstances, the parties should not contact the Court during a deposition. Instead, during a deposition, the parties should make an appropriate record for review by the Court at a later time.

5. The United States shall file and serve a renewed Motion to Dismiss on or before **April 17, 2026**.

**IT IS SO ORDERED.**

DATED January 5, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO DISMISS * 12