FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 09, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COLIN GEORGE,<br><br>            Plaintiff,<br><br>   v.<br><br>THE UNITED STATES OF AMERICA,<br><br>            Defendant. | No. 2:25-CV-00047-RLP<br><br>ORDER GRANTING MOTION TO DISMISS |

Before the Court is Defendant United States' Renewed Motion for Rule 12(h)(3) Dismissal, ECF No. 39, and Plaintiff Colin George's Motion to Certify, ECF No. 47. The motions were heard without oral argument. For the reasons explained below, the motion to dismiss for lack of jurisdiction is granted, and the motion to certify is denied.

BACKGROUND

On August 29, 2021, Mr. George jumped off a dock at Weaver Point Campground (WPC) in the Lake Chelan National Recreation Area and into Lake

ORDER GRANTING MOTION TO DISMISS * 1

Chelan. ECF No. 1 at 1. Mr. George landed on a submerged piece of wood[1] which impaled him, causing significant injuries. *Id*. at 12.

WPC is located on Lake Chelan near the mouth of the Stehekin River. ECF No. 18-1; ¶19; *see also* ECF No. 19-2 at 244, 261. The Stehekin River carries a large volume of trees, logs, branches, and other tree material into Lake Chelan. ECF No. 18-1, ¶16; *see also* ECF No. 19-2 at 692 (2007 study estimating there are 110,348 cubic yards of wood in the Stehekin River at its mouth). The larger pieces are referred to as "Large Wood Debris," (LWD). ECF No. 18-1, ¶17. The process of LWD falling into the river and being carried downstream into the lake is natural. *Id*., ¶16.

The NPS re-installs the dock at WPC annually, removing wood debris as necessary to install, remove, and maintain access to the dock. ECF No. 18-3, ¶¶5-6. In August 2021, National Parks Service (NPS) staff visited WPC multiple times a week to perform maintenance activities. ECF Nos. 18-1, ¶47; 41, ¶¶5, 9; 45-1 at 10. While visiting WPC, NPS staff would visually check the dock for LWD that

---

[1] Mr. George's human factors expert, Wilson Hayes, Ph.D., opines the impaling object was likely a large piece of LWD embedded at the lake bottom. ECF No. 23, ¶19. For ease of reference, the Order refers to the impaling object as a "stick."

ORDER GRANTING MOTION TO DISMISS * 2

may present a hazard for boaters and visitors. ECF Nos. 41, ¶6; 45-1 at 6-7; 45-5 at 16; 45-6 at 15. The NPS was generally aware that LWD could embed itself in the lakebed in the vicinity of WPC, ECF Nos. 45-1 at 9; 45-5 at 13, but was unaware of any specific wood debris emanating from the lakebed immediately adjacent to the dock at WPC on August 29, 2021. ECF Nos. 18-1, ¶¶48-49; 18-3, ¶¶28, 33-34; 42-3 at 3; 42-4 at 3. Neither the dock nor the campground contained warning signs about LWD. ECF No. 18-1, ¶39.

Mr. George filed this suit on February 11, 2025, asserting a claim of negligence stemming from the NPS's breach of duty to exercise reasonable care to protect invitees. ECF No. 1 at 19-22. The Government initially moved to dismiss on October 1, 2025. ECF No. 17. The Court denied the motion with leave to renew after jurisdictional discovery was complete. ECF No. 33. The Government has now filed a renewed motion to dismiss. ECF No. 39.

## LEGAL STANDARDS

"It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349 (1980). Waivers of sovereign immunity must be "unequivocally expressed in the statutory text . . . strictly construed in favor of the

ORDER GRANTING MOTION TO DISMISS * 3

United States, and not enlarged beyond what the language of the statute requires." *United States v. Idaho,* 508 U.S. 1, 6-7, 113 S.Ct. 1893 (1993).

"Sovereign immunity is a jurisdictional bar: absent an unequivocal statutory waiver of sovereign immunity, courts lack jurisdiction to entertain a suit against the United States or its agencies." *Villegas v. United States*, 926 F. Supp. 2d 1185, 1195 (E.D. Wash. 2013). "For that reason, a motion to dismiss based on sovereign immunity is essentially a motion to dismiss for lack of subject matter jurisdiction." *Id*. Plaintiff carries the burden to demonstrate that his action "falls within an unequivocally expressed waiver of sovereign immunity by Congress." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

A FRCP 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is a proper vehicle for invoking sovereign immunity from suit. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

A plaintiff must plausibly allege that the United States waived its sovereign immunity under the FTCA. *Brownback v. King*, 592 U.S. 209, 217-18, 141 S. Ct. 740 (2021). A valid FTCA claim must be

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Id*. at 212 (internal quotation marks omitted).

ORDER GRANTING MOTION TO DISMISS * 4

Washington's Recreational Use Immunity Statute (RUIS) provides:

> any public or private landowners . . . who allow members of the public to use them for the purposes of outdoor recreation [including] but is not limited to . . . camping . . . swimming, hiking, . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users.

RCW 4.24.210(1). The RUIS carves out an exception to this immunity for "a landowner . . . for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted." RCW 4.24.210(4)(a).

Recreational immunity is an affirmative defense to a claim of liability, meaning "the landowner bears the burden of proving entitlement to that immunity." *Schwartz*, 200 Wn.2d at 238. A landowner must prove four elements to be entitled to recreational immunity: (1) the landowner was in lawful possession and control of the land; (2) the land was open to the public; (3) for recreational purposes; and (4) no fee was charged. *Camicia v. Howard S. Wright Const. Co.*, 179 Wn.2d 684, 695-96, 317 P.3d 987 (2014).

Here, the parties do not dispute the Government meets the four elements of Washington's RUIS, and there is no allegation Mr. George's injuries were intentional. Unless the latent condition exception applies, the RUIS would immunize the Government if it were a private person, and therefore the Government has not waived its sovereign immunity to Mr. George's claims.

ORDER GRANTING MOTION TO DISMISS * 5

The Court previously found the merits of Mr. George's negligence claim intertwined with the issue of subject matter jurisdiction. ECF No. 33 at 8. Therefore, the Court must apply the summary judgment standard to the motion. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). The Government's motion to dismiss may only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id*.

## ANALYSIS

The Government contends there is no genuine dispute that the injury-causing condition was artificial or known to the NPS. The Government defines the injury causing condition as the stick alone. Mr. George contends the proper definition of the injury-causing condition is the danger posed to visitors by LWD near the WPC dock. As the dock, which allows visitors access to deeper waters concealing LWD and provides a platform to jump off of, is artificial, Mr. George contends there exists a genuine dispute of fact as to whether the injury-causing condition was artificial. Mr. George further contends there is a genuine dispute as to whether the injury-causing condition was known to the NPS because the NPS knew LWD could commonly be found near the dock, and knew the danger to visitors LWD near the dock posed.

ORDER GRANTING MOTION TO DISMISS * 6

As stated above, the RUIS carves out an exception to immunity to "a landowner . . . for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted." RCW 4.24.210(4)(a).

A plaintiff bears the burden of proving the latent condition exception to the RUIS applies. *Schwartz v. King County*, 200 Wn.2d 231, 239, 516 P.3d 360 (2022). The first step the Court must take is to identify the injury-causing condition at issue. *Swinehart v. City of Spokane*, 145 Wn. App. 836, 845, 187 P.3d 345 (2008); *see also Keenan v. City of Spokane Valley*, 2024 WL 681819 (Wash. Ct. App. 2024) (unpublished). The plaintiff must then prove the condition was known, dangerous, artificial, and latent. *Schwartz*, 200 Wn.2d at 239. To prove the exception does not apply, a defendant need only show that one of the four characteristics is not present. *Id*.

An "injury-causing" condition is a "specific object or instrumentality that caused the injury, viewed in relation to other external circumstances in which the instrumentality is situated or operates." *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 921, 969 P.2d 75 (1998) (submerged tree stump must be viewed in relation to location of stump in water channel and water level); *see also Van Dinter v. City of Kennewick*, 121 Wn.2d 38, 43-44, 846 P.2d 522 (1993) (playground equipment alleged to have been improperly placed without sufficient buffer zone to

ORDER GRANTING MOTION TO DISMISS * 7

grassy area must be viewed in relation to its proximity to grassy area, not in isolation from its surroundings).

Identifying the injury-causing condition is a factual determination. *Swinehart*, 145 Wn. App. at 846. On summary judgment the Court must consider all facts and reasonable inferences as to the cause of plaintiff's injuries in favor of the plaintiff. *Id*.

Citing to *Ravenscroft* and *Van Dinter*, Mr. George contends that the injury-causing condition is the embedded stick at the bottom of Lake Chelan that impaled him in relation to the WPC dock, which allowed him to access the stick and fall with enough force to cause it to impale him. Citing to *Davis v. State*, 144 Wn.2d 612, 618, 30 P.3d 460 (2001), the Government contends the stick alone is the injury-causing condition.

*Davis* controls. *Davis* concerned a plaintiff who was injured while riding his motorcycle on natural sand dunes in a state-owned protected area. *Id*. at 614. The plaintiff followed a trail of tire tracks along the dunes, until the tracks suddenly fell away and he launched over a naturally occurring drop-off, resulting in severe injuries. *Id*. at 614-15.

The *Davis* plaintiff argued the specific object that caused his injuries was the drop-off, the tracks left by other users were the external circumstances, and taken together they amounted to an artificial condition. *Id*. at 618. The Washington

ORDER GRANTING MOTION TO DISMISS * 8

Supreme Court disagreed, providing guidance on when artificial external circumstances can become part of an injury-causing condition. *Id*. Artificial external circumstances transform a specific natural object into an artificial injury-causing condition where the two circumstances are so closely related that they cannot be encountered independently. *Id*.

The *Davis* court used *Ravenscroft* to illustrate this holding. *Id*. In *Ravenscroft*, a boater struck a submerged tree stump in an artificial reservoir. 163 Wn.2d at 915. The *Davis* court explained the boater could not have encountered the stump or been injured by it except by means of the artificial circumstance, the water level of the reservoir. 144 Wn.2d at 618. The artificial circumstance, the water level, was so closely related to the natural condition, the stump, that they could not be analyzed independently, and the former completely altered the natural condition of the stump. *Id*. In contrast, the tire tracks in *Davis* did not alter the condition of the drop-off, and the plaintiff would still have encountered the drop-off in its natural condition had he walked. *Id*. at 618-19. Therefore, the tire tracks and the drop-off were not so closely related so as to transform the drop-off into an artificial condition. *Id*.

The external circumstance here, the dock, did not transform the natural state of the specific object causing Mr. George's injuries, the stick, into an artificial condition. Had Mr. George encountered the stick by swimming to it from shore, or

ORDER GRANTING MOTION TO DISMISS * 9

jumping from a kayak, the stick would have been encountered in the same natural condition, just as the drop-off in *Davis* would have remained in its natural condition had the plaintiff walked to it. Therefore, the dock did not alter the natural condition of the stick, and the two circumstances are not so closely related that they cannot be analyzed independently.

Citing to the earlier Court of Appeals decision, Mr. George contends the fact the Government installed the dock as an official means of access distinguishes this case from *Davis*, where the tire tracks were unofficial paths created by visitors. *Davis v. State*, 102 Wn. App. 177, 188, 6 P.3d 1191 (2000) (holding tire tracks were not artificial because they were not a purposeful creation), *aff'd*, 144 Wn.2d 612, 30 P.3d 460 (2001). However, the Supreme Court declined to adopt this reasoning in favor of the "closely related" analysis described above. *Davis*, 144 Wn.2d at 617-19. The rejected reasoning of the Court of Appeals is therefore irrelevant, and the Supreme Court's holding controls.

Likewise, the Supreme Court's earlier decision in *Van Dinter* does not control. There, both aspects of the injury-causing condition – the playground equipment and its proximity to the grassy area – were artificial. 121 Wn.2d at 40. The *Van Dinter* opinion contains none of the "closely related" analysis later adopted in *Davis*. It is therefore unclear to what extent *Van Dinter* remains good law with regards to how the injury-causing condition is defined. *See Natalicheva v.*

ORDER GRANTING MOTION TO DISMISS * 10

*City of Redmond*, 2022 WL 896349 (2022) (unpublished) (citing *Davis*, declining to adopt plaintiff's definition of the injury causing condition as a cottonwood tree in proximity to a grassy area because the relationship between the two was too attenuated).

Therefore, the injury causing condition here is the stick alone, without reference to the dock.

Mr. George does not dispute that the stick was natural and was deposited at the WPC dock via natural processes. Therefore, there is no genuine dispute of fact that the injury-causing condition was not artificial.

Furthermore, there is no genuine dispute that the NPS did not know of the injury-causing condition, i.e., the stick. The latent condition exception requires the landowner to have actual knowledge of the injury-causing condition at the time of the injury. *Nauroth v. Spokane County*, 121 Wn. App. 389, 393, 88 P.3d 996, 997 (2004). Constructive or general knowledge is insufficient. *Ertl v. Parks & Recreation Comm'n*, 76 Wn. App. 110, 114-15, 882 P.2d 1185 (1994) (latent condition exception requires actual knowledge of injury-causing condition and is distinguished from common law liability for dangerous conditions about which the landowner knows or should know), *abrogated on other grounds by Jewels v. City of Bellingham*, 183 Wn.2d 388, 353 P.3d 204 (2015); *see also Partridge v. City of Seattle*, 49 Wn. App. 211, 216, 741 P.2d 1039 (1987) (insufficient that city should

ORDER GRANTING MOTION TO DISMISS * 11

have known of pilings under dock, actual knowledge that more probably than not pilings were present was required).

There is no dispute that the NPS had no knowledge of the stick on August 29, 2021. At best, the NPS was generally aware that LWD could become embedded in the lakebed near WPC. However, this general awareness does not rise to the level of actual knowledge required for the latent condition exception. Accordingly, Mr. George fails to demonstrate a genuine dispute of fact as to knowledge.

As there is no genuine dispute of fact that the injury-causing condition was not artificial or known to the Government, there is no genuine dispute that the latent condition exception to the RUIS does not apply. Therefore, the RUIS would immunize the Government if it were a private person, and the United States has not waived its sovereign immunity under the FTCA. The Government's motion to dismiss for lack of jurisdiction is granted.

## MOTION TO CERTIFY

Mr. George asks the Court to certify two questions to the Washington Supreme Court. First, the meaning of "condition" as used in the latent condition exception. Second, whether the landowner needs to have knowledge of the specific injury causing object, or the reason the injury occurred.

ORDER GRANTING MOTION TO DISMISS * 12

"[I]f state law permits it, [the Court] may exercise [its] discretion to certify a question to the state's highest court." *Childress v. Costco Wholesale Corp.*, 978 F.3d 664, 665 (9th Cir. 2020). The certification process should be invoked "only after careful consideration," and a federal court should not do so "lightly." *Murray v. BEJ Minerals*, LLC, 924 F.3d 1070, 1072 (9th Cir. 2019).

Washington law permits certification "[w]hen in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined." RCW 2.60.020; *see also Nwauzor v. GEO Grp., Inc.*, 62 F.4th 509, 513 (9th Cir. 2023). Certification is appropriate where a federal court "believe[s] that the Washington Supreme Court is better qualified to answer [the question] in the first instance[,]" the question "has not been clearly determined by the Washington courts, and the answer . . . is outcome determinative." *Potter v. City of Lacey*, 46 F.4th 787, 791 (9th Cir. 2022) (citations, quotation marks and alterations omitted).

Here, the questions Mr. George asks have been clearly answered by Washington case law.

An "injury-causing" condition is a "specific object or instrumentality that caused the injury, viewed in relation to other external circumstances in which the instrumentality is situated or operates." *Ravenscroft*, 136 Wn.2d at 921. *Davis*

ORDER GRANTING MOTION TO DISMISS * 13

further clarifies how to define the injury-causing condition in situations, like here, a specific natural object caused the injury, but artificial external circumstances led to the injury. Under *Davis*, the specific object causing the injury is the injury-causing condition unless the artificial external circumstance was so closely related to the natural object that it completely altered the natural condition of that object. 144 Wn.2d at 618. There is no need to ascertain further what the meaning of "condition" is – *Ravenscroft* and *Davis* answer this question.

Washington case law also clearly lays out what kind of knowledge must be shown for the latent condition exception to apply. The landowner must have actual, not constructive, knowledge of the injury-causing condition, i.e., the specific object or instrumentality that caused the injury. *Nauroth*, 121 Wn. App. at 393. Here, that is the stick. *See Partridge*, 49 Wn. App. at 216. Mr. George's question attempts to introduce a constructive knowledge standard, a theory that has been squarely foreclosed by Washington case law. The Court does not need further clarification on this issue.

Accordingly, **IT IS ORDERED:**

1. The United States' Renewed Motion for Rule 12(h)(3) Dismissal, **ECF No. 39**, is **GRANTED**.

2. Mr. George's Motion to Certify, **ECF No. 47**, is **DENIED**.

ORDER GRANTING MOTION TO DISMISS * 14

3.    This matter is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.** The Clerk of this court shall enter this Order and judgment in favor of Defendant, forward copies to the parties, and **CLOSE** the file.

DATED June 9, 2026.

_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTION TO DISMISS * 15